974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel Kump ROBERTS, M.D., Petitioner,
v.
U.S. DRUG ENFORCEMENT AGENCY; Robert C. Bonner,
Administrator, Drug Enforcement Agency, Respondents.
 No. 92-1375.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 15, 1992
Decided: September 9, 1992
 
 On Petition for Review of an Order of the United States Drug Enforcement Agency. (No. 90-61)
 ARGUED: Herbert George Underwood, Steptoe & Johnson, Clarksburg, West Virginia, for Petitioner.
 Eumi Lynn Choi, Criminal Division, United States Department of Justice, Washington, D.C., for Respondent.
 ON BRIEF: Karen Kahle, Steptoe & Johnson, Clarksburg, West Virginia, for Petitioner.
 Robert S. Mueller, III, Assistant Attorney General, Mary Lee Warren, Chief, Criminal Division, United States Department of Justice, Washington, D.C.,; Dennis F. Hoffman, Chief Counsel, Elizabeth Y. Downing, Drug Enforcement Administration, Washington, D.C., for Respondent.
 U.S. D.E.A.
 Affirmed.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel Kump Roberts, M.D., appeals a final order from the Administrator of Drug Enforcement pursuant to 21 C.F.R. § 1316.67 (1992) adopting an Administrative Law Judge's recommendations to revoke Roberts' Drug Enforcement Administration certificate of registration as a practitioner under 21 U.S.C. § 824(a)(4) (1988), and to deny any pending applications from Roberts to renew his registration as a practitioner under 21 U.S.C. § 823(f) (1988). Roberts argues that the Administrative Law Judge (ALJ) erred in finding that Roberts' continued registration would be inconsistent with the public interest, and erred in finding that Roberts had presented insufficient evidence to show that he was rehabilitated from prior cocaine addiction. Roberts also argues that the ALJ denied him due process by refusing to allow a certain individual to testify on Roberts' behalf. Our review of the record and the Administrator's opinion accepting the recommendations of the ALJ disclose that Roberts' appeal is without merit. The ALJ's finding that Roberts' continued registration was inconsistent with the public interest was supported by substantial evidence, and was not arbitrary, capricious, or an abuse of discretion. The ALJ properly determined that Roberts had the burden of showing rehabilitation; the ALJ's finding that Roberts had presented insufficient evidence to show he was adequately rehabilitated from prior cocaine addiction was also supported by substantial evidence. Finally, the ALJ correctly refused to allow a certain individual to testify on Roberts' behalf because Roberts did not comply with 21 C.F.R. §§ 1316.55, 1316.57 (1992) in that he failed to give the ALJ and government counsel notice that he intended to call that individual as a witness at his hearing. Accordingly, we affirm on the reasoning of the Administrator. Samuel Kump Roberts, M.D., 57 Fed. Reg. 8,681 (Drug Enforcement Admin. 1992) (final admin. order).
 
 AFFIRMED